IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-CV-622 -GKF-TLW |
| AHS TULSA REGIONAL MEDICAL ) | |
| CENTER, LLC, ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N  A N D  O R D E R**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Title VII Retaliation and Intentional Infliction of Emotional Distress Claims [Doc. No. 8]. For the reasons set forth below, defendant's motion is granted in part and denied in part.

Plaintiff, Michelle Christian, filed suit against her former employer, AHS Oklahoma Health System, LLP[1] on October 20, 2008, asserting claims for (1) hostile work environment in violation of Title VII; (2) retaliation in violation of Title VII; (3) negligent supervision; and (4) intentional infliction of emotional distress. [Doc. No. 2, Complaint]. Defendant, in its motion to dismiss, contends that pursuant to Fed.R.Civ.P. 12(b)(1), the Court lacks subject matter jurisdiction over plaintiff's claim for retaliation, because plaintiff failed to exhaust her administrative remedies by filing a charge of discrimination with respect to the retaliation claim. Defendant asserts the intentional infliction of emotional distress claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

---

[1] After AHS Oklahoma Health System, LLP, filed its Motion to Dismiss, the parties jointly moved to substitute AHS Tulsa Regional Medical Center, LLC, as the correct party defendant [Doc. No. 27]. The Court granted the joint motion. [Doc. No. 30].

## I. Background/Procedural History

Plaintiff alleges she began her employment with defendant in June 2005. [Doc. No. 2, Complaint, ¶11]. She contends that from the start of her employment, she was subjected to sexual harassment by her boss, Terry Moorehead. [*Id.,* ¶12]. She alleges her work environment "was permeated with sexually charged crude comments," and Moorehead inappropriately touched her in a sexual manner twice. [*Id.,* ¶¶13-14]. Plaintiff alleges the sexual harassment was so severe and pervasive it altered the conditions of her employment. [*Id.,* ¶15]. Plaintiff contends she complained of the conduct to her supervisors, but nothing was done. [*Id.,* ¶16]. She asserts that on January 21, 2008, she could no longer endure the hostile work environment "and was accordingly constructively discharged." [*Id.,* ¶17].

Prior to her alleged constructive discharge, on November 15, 2007, plaintiff completed an EEOC general intake questionnaire with an attached narrative describing alleged acts of sexual harassment. [Doc. No. 19, Ex. A]. After the termination of employment, plaintiff filed a charge of discrimination on February 20, 2008. [Doc. No. 32, Ex. A, Charge of Discrimination]. In the charge of discrimination, Plaintiff checked only the box labeled "sex" in the section asking her to describe her allegations. She then described the alleged discrimination as follows:

> I.  I was sexually harassed by my supervisor, Terry Moorehead. This harassment occurred on more than one occasion and consisted of inappropriate verbal remarks as well as well [sic] as improper physical touching.
>
> II. I reported these incidents; however, nothing was done.
>
> III. I believe I have been discriminated against due to my gender, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[*Id.*]. No allegation of retaliation is checked, nor is there any description of such action on the part of her employer. [*Id.*].

## II. Analysis

### A. Title VII Retaliation Claim

A plaintiff is required to file a timely charge of discrimination with th EEOC prior to filing a civil action under Title VII. *See* 42 U.S.C. §2000e-5(e) and (f)(1);[2] *Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 799 (10th Cir. 1997). Federal courts lack jurisdiction to entertain Title VII claims unless such claims were previously filed with the EEOC. *Seymore*, 111 F.3d at 799.

Defendant contends that because plaintiff failed to file a timely charge of retaliation with the EEOC, the court lacks jurisdiction to hear the claim. Citing *Fed. Exp. Corp. v. Holowecki,* 128 S.Ct. 1147 (2008), plaintiff asserts that the general intake questionnaire she completed November 15, 2007, may be deemed a discrimination charge, and her completion of the questionnaire led to retaliatory action by defendant. Plaintiff goes on to argue that since the general intake questionnaire should be considered a formal charge of discrimination, the retaliation claim is "reasonably related" to the discrimination alleged in the general intake questionnaire, "thus obviating the need to file a second Charge of Discrimination." [Doc. No. 19, pp. 4-5].

Plaintiff's reliance on *Holowecki* is misplaced. The Supreme Court, in *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101, 122 (2002), held that "a Title VII plaintiff raising claims of *discrete discriminatory or retaliatory acts* must file his charge within the appropriate time period–180 or 300 days–set forth in 42 U.S.C. §200e-5(e)(1)." *Id.* (emphasis

---

[2]An aggrieved person has 180 days from the date of the alleged unlawful employment practice to file a charge with the EEOC or, in the event the person aggrieved has initially instituted proceedings with a state or local agency, 300 days to file a charge with the EEOC.

added).  The Tenth Circuit, applying this holding, has stated:

> *Morgan* abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"

*Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003) citing *Morgan,* 536 U.S. at 110-114.[3]

*Holowecki* does not rescue plaintiff's retaliation claim.  There, the court considered whether a discrimination claim raised in an untimely filed charge could be deemed to have been timely filed because the intake questionnaire, which actually set forth the basis of the alleged discrimination, was filed within the applicable time limit.  128 S.Ct. at 1156-69.  The court held it could.  *Id.*  Here, neither plaintiff's intake questionnaire nor her charge alleged retaliation by defendant.   In order for plaintiff's claim to survive, the court would have to apply the continuing violation doctrine and find the discriminatory acts actually identified in her intake questionnaire and charge were "reasonably related" to the alleged retaliation.  The holdings in *Morgan* and *Martinez* preclude such a finding.

Plaintiff did not timely raise her retaliation claim and thus has failed to exhaust her administrative remedies as required by Title VII.  Therefore, this Court lacks jurisdiction over her claim for retaliation, and defendant's motion must be granted with respect to this claim.

---

[3] Even before *Morgan,* the Tenth Circuit held that retaliation occurring before the charge, but not raised in the charge, will be barred.  *Seymore,* 111 F.3d at 799.  *See also, Jones v. Denver Post Corp.,* 203 F.3d 748, 755 (10th Cir. 2000);  *Whittaker v. Wendy's International, Inc.,* 2007 WL 1216985 *1-2 (D. Col. April 24, 2007).

### B. Intentional Infliction of Emotional Distress Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570(2007). Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow. *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 555, 570. Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against

them." *Id*. at 1248.

To state a claim for intentional infliction of emotional distress, plaintiff must allege "extreme and outrageous conduct coupled with severe emotional distress." *Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002). The requisite elements of the claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Id.*

Having reviewed the allegations of the Complaint, and applying the standard of *Twombly* and *Robbins,* the Court finds that plaintiff has framed a complaint with enough factual matter (taken as true) to suggest that she is entitled to relief. Therefore, defendant's Motion to Dismiss must be denied with respect to plaintiff's intentional infliction of emotional distress claim.

### III. Conclusion

Defendant's Motion to Dismiss [Doc. No. 8] is granted with respect to plaintiff's claim for retaliation (Second Claim for Relief) and denied with respect to her claim for intentional infliction of emotional distress (Fourth Claim for Relief).

ENTERED this 1st day of September, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma